IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH WORRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1100 |
| | § | |
| GREATSCHOOLS, INC., and | § | |
| HOUSTON CAN! ACADEMY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER FOR SANCTIONS

I. Background

It was not until October 19, 2007, in open court, when Plaintiff Sarah Worrell's counsel Melvin Houston ("Houston") finally acknowledged that GreatSchools, Inc. should never have been named a Defendant in the Original Complaint signed by him and filed to commence this case on April 2, 2007. The Court thereupon granted Defendant GreatSchools, Inc.'s Motion to Dismiss. The other motion heard that day, however, was GreatSchools, Inc.'s Motion for Rule 11 Sanctions Against Plaintiff's Counsel (Document No. 9) for his having wrongfully named GreatSchools a Defendant without having made a reasonable pre-filing investigation of the facts, and thereafter having failed and refused to dismiss GreatSchools as a Defendant after having been fully informed of the facts and well knowing that GreatSchools should not be a party to this suit.

Among other things, the Original Complaint asserted that GreatSchools "was at all relevant times an employer within the meaning of Title VII," and that William R. Jackson, the founder, President, and CEO of GreatSchools, is the designated agent for service of process for both GreatSchools and the other named Defendant, Houston Can! Academy ("HCA") which presumably was the actual employer of Plaintiff.  Document No. 1 ¶¶ 3-4.  In fact, however, GreatSchools, a California not-for-profit corporation that has its principal place of business in California, operates an informational website designed to assist parents of school-age children by providing a searchable database containing information on about approximately 115,000 public, private, and charter schools across the country, and its founder Mr. Jackson is not and never has been HCA's agent for service.  Document No. 8, Declaration of William R. Jackson ¶ 8; id. ex. A at 1, 4; id. ex. B art. 1 § 1, art. 2 § 1; Document No. 9 ex. B at 3.  At the October 19th hearing, Houston admitted that the factual allegations in the Complaint pertaining to GreatSchools were erroneous--that is, GreatSchools has no affiliation with HCA, was never an employer of Plaintiff within the meaning of Title VII, and, hence, was never a proper defendant in this suit.  Houston also conceded that he undertook no investigation of his own before certifying and filing the Complaint.  Instead, he claimed to have relied on limited research conducted by Marie Jamison ("Jamison"), a second-year

lawyer formerly employed by him,[1] which at most consisted of: (1) her looking at GreatSchools's website, which she purportedly took to "represent" that it shared a legal relationship with HCA; and (2) her search of a website maintained by the Texas Secretary of State, where she found no results for HCA.  From this ostensible research, Jamison is said to have concluded that: (1) GreatSchools was affiliated with HCA; and (2) GreatSchools and HCA shared the same designated agent for service of process, namely William R. Jackson, the founder and CEO of GreatSchools.

After GreatSchools was sued, its counsel Oswald B. Cousins ("Cousins") during the next four months placed numerous telephone calls and sent several letters to Houston and Jamison to inform them that GreatSchools had no relationship to HCA and repeatedly requested that GreatSchools be dismissed from the suit.  Document No. 9, Declaration of Oswald B. Cousins §§ 3-10.  Cousins also faxed to Jamison copies of documentary evidence substantiating GreatSchools's contention that Plaintiff had sued the wrong party, including: (1) its articles of incorporation and by-laws; (2) excerpts from GreatSchool's website, explaining its purpose of providing data regarding schools nationwide, and specifically disclaiming any formal affiliation with the schools listed on the site; and (3) identifying the website of the entity that controls HCA, which reflects no relationship of HCA to GreatSchools.

---

[1] Houston states that Jamison is no longer employed by him.

Document No. 9 ex. B at 1, 5; id. ex. D.  As Cousins explained at the hearing on the present motion, Cousins was required to spend "dozens of hours" in his persistent efforts to obtain a voluntary dismissal of all claims against GreatSchools and then, in light of Houston's obstinacy, in drafting a motion to dismiss, motion for sanctions, and accompanying briefing.  These hours far exceeded the commitment initially anticipated by Cousins, who expected on a *pro bono* basis quickly to obtain his not-for-profit client's dismissal after demonstrating to Plaintiff's counsel that there was no basis for GreatSchools to be named a defendant in the case.

GreatSchools now moves for sanctions against Melvin Houston & Associates, contending that Plaintiff's counsel wholly failed to conduct a reasonable pre-filing investigation of the facts supporting any claim against GreatSchools, and requesting an award of $6,720.00 in attorney's fees as a sanction against Houston and to compensate GreatSchools's counsel.  Document No. 9 at 1, 12.

II.  Discussion

A.   Appropriateness of Sanctions Pursuant to Fed. R. Civ. P. 11

Federal Rule of Civil Procedure 11 requires all pleadings to be "signed by at least one attorney of record in the attorney's individual name . . . ."  FED. R. CIV. P. 11(a).  This signature verifies to the court "that the signer has read the pleading, motion, or other paper" and "to the best of the signer's knowledge,

4

information, and belief *formed after reasonable inquiry* it is well grounded in fact . . . ."  FED. R. CIV. P. 11(b)(emphasis added). As explained in the Advisory Committee notes, the Rule requires counsel to "stop and think" before making factual contentions.  *See* FED. R. CIV. P. 11 advisory committee's note (1993 Amendments); *see also* Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 265 (5th Cir. 2007)(quoting this note).

Pursuant to Rule 11, a district court has discretion to impose sanctions for failure of counsel reasonably to investigate the factual basis of a claim.[2]  *See* Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 111 S. Ct. 922, 932 (1991)("[Rule 11] states unambiguously that any signer must conduct a 'reasonable inquiry' or face sanctions."); Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001); Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1023-24 (5th Cir. 1994).  The sufficiency of an attorney's investigation  "is an objective, not subjective,

---

[2] Rule 11 requires that a motion for sanctions be filed separately and served on the non-moving party at least 21 days before it is filed with the Court.  FED. R. CIV. P. 11(c)(1)(A); *see also* Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000)(affirming denial of sanctions when the movant failed to provide the requisite 21 days notice).  According to the Declaration of Service submitted by GreatSchools, its motion for sanctions, supporting declarations, and proposed order, were served on Houston via mail on August 17, 2007, the same day that GreatSchools filed its motion to dismiss. Document No. 9 at 8 n.3; id., Declaration of Service By Mail. GreatSchools did not file the instant motion for sanctions for another 25 days, when Plaintiff still had not appropriately corrected the Original Complaint or agreed to a dismissal of GreatSchools.  GreatSchools has therefore satisfied the procedural requirements for sanctions under Rule 11.

standard of reasonableness under the circumstances." Childs, 29 F.3d at 1024 (citing Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 873 (5th Cir. 1988)(en banc)). Good faith is not a defense to sanctions under Rule 11. *See* Bus. Guides, Inc., 111 S. Ct. at 932-33; Childs, 29 F.3d at 1024.

Houston's responses at the October 19th hearing confirmed his complete failure to conduct a reasonable inquiry before suing GreatSchools. When asked about the extent of his pre-suit inquiry, Houston repeatedly attempted to absolve himself of responsibility by referring to Jamison's "investigation," which consisted of her looking at GreatSchools's website. That website, as a database designed to provide information to parents and teachers about *all* public and private schools in the United States, unsurprisingly includes general information about HCA, along with 100,000 other schools and, more importantly, disclaims any association with the schools listed on its site. Jamison also failed to find a registered agent for HCA on her search of the Texas Secretary of State's website. Houston cites no other "research" done by him or Jamison to provide any basis whatever to sue GreatSchools, but Houston nonetheless signed the Original Complaint alleging that GreatSchools was Plaintiff's employer and that its registered agent was also the agent for HCA.

At the hearing Houston conceded that it was *he*, not Jamison, who signed the Original Complaint with these baseless charges against GreatSchools. As the attorney signing the complaint, he had a non-delegable duty to ensure that all facts were appropriately investigated. See <u>Ill. Cent. R. Co. v. R.R. Land, Inc.</u>, Civ. A. Nos. 86-86, 91-543, 1992 WL 38109, at *6 (E.D. La. Feb. 18, 1992)(similarly rejecting an attorney's reliance on inaccurate pleadings prepared by an associate). Houston wholly failed to do so, and is therefore personally accountable for the filing of these false and baseless claims against GreatSchools.

Second, Houston disingenuously asserted that GreatSchools *itself* was to blame for not contacting HCA and determining who was HCA's agent for service for process, and for not then supplying that information to Plaintiff. In making this tortured argument, Houston ignored all the information that had been provided to him by Cousins to establish that GreatSchools was not a proper defendant in the case. Moreover, GreatSchools owed no duty to Plaintiff, a total stranger who from out of nowhere brought suit against it, to assist Plaintiff in her suit against HCA. To the contrary, Houston and Houston alone, was responsible to conduct an appropriate pre-filing investigation. Houston's violation of Rule 11 was complete the moment he signed and filed the Complaint without making reasonable inquiry to determine that a suit by Plaintiff against GreatSchools was well grounded in fact. *See,*

7

*e.g.*, Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 197 (5th Cir. 1991)("The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis for the Rule 11 violation."). Moreover, Houston had ample notice regarding the factual errors in the Complaint well before GreatSchools moved to dismiss and before it later moved for sanctions, and he took no corrective action, not even within the 21 days period after he was served with the motion for sanctions. *See* FED. R. CIV. P. 11(c)(1)(A). Houston's rank violation of Rule 11, exacerbated by his convoluted attempts to justify his filing of frivolous claims, warrants the imposition of sanctions against him and his firm.

B.  Attorney's Fees Recoverable as a Rule 11 Sanction

Sanctions pursuant to Rule 11 must be "limited to what is sufficient to deter repetition" of the wrongful conduct. FED. R. CIV. P. 11(c)(2). If "warranted for effective deterrence," the court may order payment to the movant of its "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id. Houston's egregious conduct warrants the imposition of monetary sanctions in the form of attorney's fees assessed jointly and severally against Houston and his firm, Melvin Houston & Associates. Such a sanction is necessary to fulfill Rule 11's primary objective of "deter[ring] baseless filings and

8

streamlin[ing] the administration of justice . . . ." <u>Spiller v. Ella Smithers Geriatric Ctr.</u>, 919 F.2d 339, 345 (5th Cir. 1990) (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 110 S. Ct. 2447, 2454 (1990).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the hours billed, *see* <u>Saizan v. Delta Concrete Prods. Co.</u>, 448 F.3d 795, 799 (5th Cir. 2006)(per curiam), and that the attorney's hourly fee is commensurate with that in the market where the district court sits, *see* <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 115 (2d Cir. 1997)(explaining that the relevant community for gauging the reasonableness of counsel's hourly fee is that in which the court sits).  The sworn declaration of GreatSchools's counsel states that, as a partner at Orrick, Herrington & Sutcliffe, LLP in San Francisco, California, with nearly 14 years of legal experience, including about 10 years specializing in employment law, Cousins bills at a rate of $560 per hour.  Document No. 9, <u>Decl. of Cousins</u> ¶ 13.  Cousins orally represented that he spent "dozens of hours" on this matter, but his declaration request is for compensation for only 12 hours of work. <u>Id.</u>  These figures together comprise a lodestar of $6,720.00.

Based on this Court's experience, the 12 hours expended by Cousins drafting GreatSchools's thorough and meritorious motions to dismiss and for sanctions were reasonable.  Cousins also acted reasonably and with a high degree of professionalism in attempting

to extricate his innocent client from this case without having to file motions and consume judicial resources.  Only when met with Houston's inexplicable obstinacy did he necessarily incur the additional hours required properly to file and pursue the motion to dismiss and the motion for sanctions.  With all due respect to the rates ordinarily billed by Cousins in California for his experience and high level of competency, the Court is of the opinion that $500 an hour is reasonable to the circumstances of this case in this district.  The lodestar will therefore be adjusted downward to reflect this appropriate hourly rate.[3]  Accordingly, the Court will award attorney's fees to GreatSchools's attorney in the amount of $6,000.00, which is an appropriate and justified sanction against Plaintiff's counsel.

### III.  Order

It is therefore ORDERED that Defendant GreatSchools, Inc.'s Motion for Sanctions (Document No. 9) is GRANTED, and it is

ORDERED and ADJUDGED that Plaintiff's counsel, Melvin Houston, individually, and his firm, Melvin Houston & Associates, who are held jointly and severally liable, shall pay to Defendant

---

[3] *See, e.g.*, Saizan, 448 F.3d at 800 (noting that, of the factors prescribed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (1974) for assessing the reasonableness of a fee request, "the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel")(internal quotations omitted).

GreatSchools, Inc.'s attorneys, Orrick, Herrington & Sutcliffe, 405 Howard Street, San Francisco, California 94105, the sum of SIX THOUSAND and NO/100 DOLLARS ($6,000.00), within thirty (30) days of the date of this Order.

    The Clerk will enter this Order and provide a correct copy to all parties.

    SIGNED at Houston, Texas, on this <u>28th</u> day of November, 2007.

                                                  EWING WERLEIN, JR.
                                      UNITED STATES DISTRICT JUDGE