IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH WORRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1100 |
| | § | |
| HOUSTON CAN! ACADEMY, and | § | |
| AMERICA CAN! ACADEMY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Houston Can! Academy's and Defendant America Can! Academy's Motion to Dismiss Pursuant to Rules 12(b)(1), (b)(2), (b)(4), (b)(5), and 41 (Document No. 16). After carefully considering the motion, response, and the applicable law, the Court concludes as follows.

I.  Background

Plaintiff Sarah Worrell filed this Title VII action against Defendant Houston Can! Academy ("Houston Can!"), a Houston-area charter school. Although Plaintiff failed timely to serve Houston Can! within 120 days as required under Federal Rule of Civil Procedure 4(m), the Court at the Rule 16 Conference on October 2, 2007, granted to Plaintiff a 14-day extension of time to file proof of service. Plaintiff subsequently filed an Amended Complaint

adding Defendant America Can! Academy ("America Can!"). Document No. 14.

On October 30, 2007,--14 days after the deadline of October 16, 2007--Plaintiff filed a "Proof of Service" representing that it served Houston Can! via certified mail to CT Corporation Systems, Houston Can!'s designated agent, on October 25, 2007. Document No. 15. Plaintiff attached a copy of the return receipt to her proof of service. The summons served on CT Corporation, dated May 1, 2007, named Houston Can! as Defendant, but gave an incorrect address for Houston Can!. Document No. 16-3 at 2. America Can! was not named in the summons, nor has Plaintiff at any time requested that summons be issued for America Can!.

Houston Can! and America Can! (collectively, "Defendants") now move to dismiss on the grounds that: (1) Plaintiff has no good cause for the delay in service; (2) Plaintiff's proof of service on Houston Can! did not conform to the requirements of Fed. R. Civ. P. 4(*l*); and (3) the summons received on October 25, 2007 by CT Corporation Systems, Defendants' designated agent for service of process, "does not include America Can! in the case caption, is not addressed to America Can! and is improperly addressed to Mr. Jackson with GreatSchools." Document No. 16 at 4.

II.   Discussion

A.   Service on Houston Can!

Defendants contend that Plaintiff's service of process on the designated agent for Houston Can! was untimely and did not comply with the rules governing service.  Federal Rule of Civil Procedure 4(m) provides for dismissal of an action against a defendant who has not been properly served within 120 days after the filing of the complaint.  FED. R. CIV. P. 4(m).  If the plaintiff shows "good cause," the court must extend the time for service.  Id.  To establish "good cause," the plaintiff must "'demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'"  Lindsey v. United States R.R. Ret., 101 F.3d 444, 446 (5th Cir. 1996) (quoting Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993)).  Plaintiff, as the serving party, bears the burden of proving the validity of service or good cause for failure timely to serve.  *See* Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).

Although Plaintiff's counsel, Melvin Houston, contends that he did not discover until October 22, 2007, the identity of Houston Can!'s designated agent for service of process, Document No. 23 at 2, the record reflects that the substantial delay in service

3

stemmed largely from Houston's erroneous, indeed, reckless, belief that GreatSchools, Inc. and Houston Can! were related and shared the same agent for service of process. *See* Memorandum and Order for Sanctions entered November 28, 2007. Moreover, Houston offers no explanation as to why he was unable previously to "discover" this information before October 16, 2007, or, for that matter, anytime during the previous six months. Houston's patent lack of diligence does not support a finding of good cause for failure timely to serve.

However, even in the absence of good cause, courts retain discretion to extend the time for service. *See* Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) (adopting this majority view). Such relief may be justified "if the applicable statute of limitations would bar the refiled action . . . ." FED. R. CIV. P. 4(m) advisory committee's note; *see also* Cherry v. Simpson, No. Civ. A. 03-695, 2003 WL 21529764, at *3 (S.D. Tex. June 17, 2003) (Hittner, J.) (citing this exception). Defendants complain that Plaintiff's proof of service was not made by affidavit as required by Fed. R. Civ. P. 4(*l*)(1). Rule 4(*l*)(3), however, provides that a failure to *prove* service "does not affect the *validity* of service." (emphasis added). *See also* Nintendo of Am., Inc. v. NTDEC, 51 F.3d 281, 1995 WL 135996 at *3 n.2 (9th Cir. Mar. 28, 1995) (unpublished opinion) (observing that Rule 4(*l*), together with the note on Rule 5(d), "reflect the drafters' intent that certificates of service be

merely an aid to proof of valid service, and that the validity of service not be dependent on the formal correctness of the certificate with the court"). Houston Can! does not dispute that CT Corporation is its registered agent for service and that Plaintiff did in fact serve its agent CT Corporation with summons and a copy of the Complaint in this action. Thus, Defendants' arguments for dismissal are reduced to their complaint that service was not obtained until 14 days after the Court's deadline and that the summons contained some mistaken details. Houston Can! has not established that the 14-days delay prejudiced its interests or ability to defend the case. Moreover, although the summons served upon CT Corporation was "improperly addressed to Mr. Jackson with GreatSchools," Document No. 16 at 4, it expressly named Houston Can! as the defendant and otherwise complied with the requirements of Rule 4(a). *See* Fed. R. Civ. P. 4(a)(1) (listing the contents of a summons). The Court finds that Houston Can! was in fact served with notice of the pending suit through its registered agent.

Dismissal of this case for failure timely to serve would now operate as a dismissal with prejudice because the limitations period on Plaintiff's Title VII claim has run. *See, e.g.,* Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (requiring a Title VII plaintiff to file suit within 90-days of her receipt of a right-to-sue letter). Because dismissal for untimely service would bar Plaintiff's claim, and given the totality of the

5

circumstances and findings of the Court set out above, the Court concludes that on balance Defendants' motion to dismiss Plaintiff's claims against Houston Can! should be denied.  *Cf.* Cherry, 2003 WL 21529764, at *3 (applying similar reasoning and denying a motion to dismiss for noncompliance with Rule 4(m)).

B.   Service on America Can!

Defendants additionally contend that Plaintiff has failed to effect service of process on America Can! since it was joined on October 22, 2007.  Document No. 16 at 8-9.  Although more than 120 days have elapsed since Plaintiff filed her Amended Complaint in which she added America Can! as a defendant, no summons has ever been issued for America Can!.  Additionally, the undisputed evidence reflects that the summons served on CT Corporation Services, the agent designated by America Can! for service of process, does not name, is not directed to, and is therefore ineffective as to America Can!.  *See* Fed. R. Civ. P. 4(a)(1)(B) (requiring that the summons be "directed to" the defendant). Plaintiff's failure properly to serve a copy of the summons deprives this Court of personal jurisdiction over America Can!. *See* McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907-08 (5th Cir. 1995) (vacating sanctions order against a defendant who had not been served with any document that conformed with the requirements for formal process).  Plaintiff has had ample opportunity to serve

6

America Can! and has failed to do so, even when the foregoing defects have been brought to Plaintiff's direct attention by Defendants' filings in this case. Defendants' motion to dismiss all claims against America Can! is granted.

### III.  Order

It is therefore ORDERED that

Defendants Houston Can! Academy's and America Can! Academy's Motion to Dismiss (Document No. 16) is GRANTED with respect to Plaintiff's claims against Defendant America Can! Academy, and those claims are all dismissed without prejudice, and the motion is DENIED with respect to Houston Can! Academy.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 25th day of March, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE