IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH WORRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1100 |
| | § | |
| HOUSTON CAN! ACADEMY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

On August 14, 2009, the Court heard arguments regarding Defendant Houston Can! Academy's ("HCA") Motion to Dismiss or Other Sanctions, and by Order signed and entered that day, the Court for the second time ordered Plaintiff Sarah Worrell ("Plaintiff") to comply with the Court's orders regarding Plaintiff's Initial Disclosures and discovery requests. Plaintiff was advised that her failure fully to comply with the Court's prior orders within 60 days, and no later than October 13, 2009, would result in dismissal of her case. Now pending is Plaintiff's Motion to Remove Stay and Reinstate Case on Court's Docket (Document No. 110), and HCA's response that Plaintiff failed fully to comply with the Court's Order dated August 14, 2009, and requesting dismissal of the case.

## I.   Standard

Rule 37(b)(2) authorizes a court to dismiss an action with prejudice when a party fails to obey a discovery order. FED. R. CIV. P. 37(b)(2).  The Fifth Circuit has noted, however, that dismissal with prejudice is a "draconian remedy," which should be imposed only as a matter of last resort.  *See* Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985); *see also* E.E.O.C. v. Gen. Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993) (stating that courts should use sanctions as a "lethal weapon" only under extreme circumstances).  A dismissal under Rule 37(b) is only appropriate when (1) the plaintiff's failure to comply with the court's order is willful or in bad faith, and (2) that lesser sanctions would be or have proven futile.  Batson, 765 F.2d at 514; Hickman v. Fox Television Station, Inc., 177 F. App'x 427, 428-429 (5th Cir. 2006) (per curiam).  The Fifth Circuit also generally looks for at least one of three aggravating factors: (1) whether the other party has been substantially prejudiced; (2) whether the improper behavior is attributable to the attorney rather than the client; or (3) whether the improper behavior "is grounded in confusion or sincere misunderstanding of the court's orders." Batson, 765 F.2d at 514; *see also* F.D.I.C. v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citing Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990)).

## II.  Discussion

### Failure to Comply with the August 14, 2009 Order

Plaintiff and her counsel--Melvin Houston--have failed, without excuse or explanation, to comply with the Order entered August 14, 2009, and, given Plaintiff's failure to provide any justification for such failure and the contemptible manner in which Plaintiff has prosecuted this case, the Court finds that Plaintiff's conduct is contumacious and in bad faith.  This Court issued the August 14, 2009 Order because Plaintiff did not obey prior discovery orders.  Previously, Magistrate Judge Frances H. Stacy specifically found Plaintiff's Initial Disclosures deficient because Plaintiff identified each witness as "having the exact same type of discoverable information, and each person's address is listed as 'c/o' Defendant's counsel."[1]  Plaintiff reiterated those same deficiencies in her Third Amended Initial Disclosures.[2] Nearly all of Plaintiff's witnesses are described as having the exact same global knowledge of the events purportedly giving rise to the suit.[3]  In addition, Plaintiff again lists as the addresses

_____

[1] Order dated Feb. 11, 2009 (Document No. 75).

[2] Document No. 111, ex. C.

[3] In Plaintiff's Third Amended Initial Disclosures, nearly every witness is described in the following cut-and-paste format:

[Witness X] is a former employee of Defendant and is believed to have knowledge of, among other things, Plaintiff's employment with Defendant, the Defendant's

3

for many of her witnesses not their own addresses but the office address of *Defendant HCA's counsel.* Most, if not all, of these witnesses are former employees of Defendant who are not in HCA's control, and who do not reside at the office address of Defendant's counsel. Plaintiff has shown no good faith effort to ascertain the addresses of her witnesses and, if she possesses the addresses, she has been obstinate in refusing to provide them to Defendant.

Second, Plaintiff's responses to interrogatories and requests for production remain incomplete. HCA has repeatedly requested documents about Plaintiff's interim earnings and her alleged emotional distress following her termination by HCA, and Plaintiff has not provided any documents in response. In HCA's Interrogatory No. 6, Plaintiff was asked to identify persons who witnessed alleged discrimination or retaliation against her, and to identify

---

> employment policies and procedures, and events related to Plaintiff's claims of discrimination in this lawsuit. Plaintiff has produced documents bates labeled 000001 to 000387, emails, documented conversations, and incidents that support the allegations in this lawsuit. Plaintiff may call [Witness X] to testify at trial if necessary.

Document No. 111, ex. C. These descriptions are nearly identical to Plaintiff's previously cut-and-paste descriptions that Magistrate Judge Stacy found were not responsive:

> [Witness X] is either a current of former employee of Defendant and is believed to have knowledge of, among other things, Plaintiff's employment with Defendant, the Defendant's employment policies and procedures, and events related to Plaintiff's claims in this lawsuit.

Document No. 55, ex. A.

4

related documents.   Instead of giving particularized answers,
Plaintiff in her response merely directs HCA to her answers to
other interrogatories that list the names of all 44 of her
ostensible witnesses and all pages of all documents she has
produced.[4]   In response to Interrogatory No. 8, Plaintiff failed
specifically to state, as requested, whether her departure from
each employer was voluntary or involuntary.[5]

Third, Plaintiff's response to HCA's requests for production
was late.   Plaintiff produced only a one-page witness statement
(which contained a time stamp showing Plaintiff possessed it for at
least nine months) before expiration of the 60-day deadline on
October 13th.   After expiration of the deadline, Plaintiff
proffered to HCA her "Supplemental" responses to HCA's requests for
production, with no explanation as to why the response had not
timely been made during the generous 60-day extension.   Nor has
Plaintiff provided any explanation as to why she failed to move to
reopen the case until a month after expiration of the deadline set
by the Court.

For the foregoing reasons, the Court finds that Plaintiff has
substantially and materially failed and refused to comply with the
Court's Order entered August 14, 2009, in which Order Plaintiff was

---

[4] Document No. 111, ex. C.

[5] Id.

warned that a failure to comply would result in dismissal of her case.

Prior Failures to Comply
with the Rules and with Court Orders

Because dismissal of a case is an ultimate sanction and rarely required, the Court will review the instant failures of Plaintiff to comply with the Court's Order in the context of the history of this case--which is a long history of failure and refusal by Plaintiff to observe the rules of procedure and of repeated defiance of Court Orders.

Plaintiff's opprobrious conduct began the day she filed this case. Plaintiff named as a defendant Greatschools, Inc. ("Great-schools"), a company she wrongfully asserted was her "employer," but which, in fact, had absolutely no affiliation with or connection to her actual employer--HCA. Although Plaintiff's counsel, Mr. Houston, soon learned of his having joined as a defendant a totally unrelated party that had no knowledge of Plaintiff or her complaint, he took no corrective action, not even after having been served with a motion to dismiss and a motion for sanctions. As outlined in its 11-page opinion dated November 28, 2007, the Court dismissed Greatschools and, to reimburse the innocent party for its unnecessarily-incurred attorney's fees,

sanctioned Mr. Houston and his law firm for $6,000.[6]  Mr. Houston appealed the Court's sanctions order, which the Fifth Circuit affirmed with a finding that Mr. Houston's arguments were "entirely without merit."  *See* <u>Worrell v. Houston Can! Academy</u>, 287 F. App'x 320, 325 (5th Cir. 2008).[7]  The Fifth Circuit issued its mandate on August 26, 2008.  Thereafter, Mr. Houston remained defiant of the Fifth Circuit's mandate affirming this Court's ruling by failing to pay the sanction.  Months later, after Greatschool's counsel out of necessity filed a motion for contempt against counsel Houston, did Mr. Houston finally pay the sanction.[8]

In addition to suing a total stranger to the dispute, Plaintiff failed timely to serve Plaintiff's actual former employer, HCA.  At the Initial Conference, counsel Houston frivolously argued that the stranger, Greatschools, was to be blamed for Houston's errors in not having served a potentially viable defendant.  Again the Court indulged Plaintiff by overlooking this preposterous argument, and allowing Plaintiff an enlargement of time to serve Defendant HCA.  The summons Plaintiff served on HCA's agent contained several defects leading the Court to find that Plaintiff's "patent lack of diligence does not support

---

[6] Memorandum and Order dated Nov. 28, 2007 (Document No. 17 at 2).

[7] The Fifth Circuit was also required to consider and deny counsel Houston's late-filed motion for rehearing.

[8] Document No. 68.

a finding of good cause for failure timely to serve," but even then the Court declined to dismiss Plaintiff's claims against HCA.

Plaintiff's contumacious refusals to comply with the Magistrate Judge's discovery orders, which led to this Court's August 14, 2009 Order, are well documented. On September 18, 2008, Defendant HCA filed a Motion to Compel, asserting that Plaintiff's initial disclosures were insufficient, and that Plaintiff did not fully answer Defendant's interrogatories or requests for production.[9]  Plaintiff did not respond.  The Magistrate Judge granted the motion, and ordered Plaintiff to provide complete initial disclosures under Rule 26(a), complete responses to Defendant's interrogatories and requests for production, and pay Defendant's reasonable costs and expenses incurred in filing its Motion to Compel.[10]

Mr. Houston, on Plaintiff's behalf, filed a motion to reconsider the order to compel, representing that he did not receive a faxed letter from Defendant HCA's counsel requesting amended disclosures and responses to Defendant's discovery requests, and he was "unaware the motion [to compel] had been filed" because, due to Hurricane Ike, he was "out of power for more than 10 days and his computer system was damaged."[11]  Hurricane Ike

---

[9] Document No. 46.

[10] Order dated October 22, 2008 (Document No. 49).

[11] Document No. 50. at 1.

8

made landfall on September 13, 2008. Defendant proffered uncon-
troverted evidence that Mr. Houston received an email from
Defendant's counsel on September 17, 2008, informing him that a
motion to compel would be filed the next day,[12] and Mr. Houston
responded to that email within less than 24 hours.[13]   Thus,
Mr. Houston's representation to the Court that he did not have
computer access for ten days after Hurricane Ike was patently
false. As the Magistrate Judge explained when denying Plaintiff's
Motion to Reconsider, Mr. Houston was on notice that Defendant's
Motion to Compel would be or had been filed, and the difficulties
he suffered from Hurricane Ike do not explain why he failed to
respond to that motion for over five weeks.[14]  Plaintiff was ordered
to pay Defendant $1,671.50 in attorney's fees and $6.20 in
reasonable costs associated with Defendant's Motion to Compel.[15]

On October 27, 2008, Plaintiff served incomplete amended
Initial Disclosures and responses to Defendant's discovery
requests.[16] As a result, Defendant filed a Second Motion to Compel
and for Further Sanctions.[17]  In response, Plaintiff filed her own

---

[12] Document No. 53, ex. A.

[13] _Id._, ex. B.

[14] Order dated December 2, 2008 (Document No. 54).

[15] Order dated January 9, 2009 (Document No. 70).

[16] _See_ Order dated February 11, 2009 at 1-2 (Document No. 75).

[17] Document No. 55.

Motion to Compel,[18] which consisted of conclusory accusations about Defendant's behavior during discovery, but did not contain a colorable legal argument.  The Magistrate Judge denied Plaintiff's Motion to Compel, and granted Defendant's Second Motion to Compel.[19] Plaintiff was ordered, *for the second time*, to provide all required initial disclosures and all information and documents responsive to Defendant's discovery requests.[20]  The Magistrate Judge warned that "[a]ny information or documents not so provided by February 16, 2009, cannot be used, in any form, at trial."[21]  It is undisputed that Plaintiff did not provide discovery responses and amended Initial Disclosures by that deadline.  For these abuses as well as others, HCA filed its Motion to Dismiss or Other Sanctions, which was discussed and ruled upon at the hearing on August 14, 2009.

Even after the Court exercised restraint in denying HCA's Motion to Dismiss to allow Plaintiff yet another opportunity to obey the Court Orders, she persisted in not doing so.  As outlined above, the Magistrate Judge and this Court have previously imposed multiple lesser sanctions against Plaintiff and/or Mr. Houston: (1) repeatedly requiring Plaintiff and/or Mr. Houston to pay

---

[18] Document No. 64.

[19] Order dated February 11, 2009 at 1-2 (Document No. 75).

[20] Id. at 2.

[21] Id.

monetary sanctions;[22] (2) barring information and documents not timely produced;[23] and (3) staying the case for 60 days for Plaintiff belatedly to comply with Court orders.[24]  These sanctions have proven futile.  *See* <u>Prince v. Poulos</u>, 876 F.2d 30, 32-33 (5th Cir. 1989) (finding "no difficulty" in affirming the district court's dismissal of the appellant's case because he "consistently refused to comply with [discovery] orders" and "prior to dismissing the appellant's complaint the district court twice imposed monetary sanctions for discovery abuses and warned the appellant that further failure to comply with such orders would result in dismissal of his complaint.").  Moreover, this is not a case where a blameless client is made to suffer for her attorney's misdeeds. Plaintiff was well aware of her obligations to comply with the Court's orders: she was sanctioned twice before the August 14 Show Cause Hearing,[25] and was present in Court on August 14, 2009, when the Court ordered her to comply with the Magistrate Judge's discovery orders.   HCA has been substantially prejudiced by

---

[22] Document No. 17 (sanctioning Mr. Houston for $6,000); Document Nos. 49, 70 (sanctioning Plaintiff for $1,677.70); Document No. 104 (sanctioning Plaintiff for $2,152.30); Document No. 107 (sanctioning Plaintiff for the reasonable costs and fees HCA incurred in filing and prosecuting its Motion to Dismiss or Other Sanctions).

[23] Document Nos. 75, 107.

[24] Document No. 107.

[25] Document Nos. 49, 70 (sanctioning Plaintiff for $1,677.70); Document No. 104 (sanctioning Plaintiff for $2,152.30).

incurring needless costs and attorney's fees, and has been unable properly to prepare a defense in this case, which was filed nearly three years ago.   Continuing the case likely will subject HCA to additional delays and needless fees and expenses.   The only appropriate sanction now warranted is dismissal of Plaintiff's case with prejudice.   Butler v. Cloud, 104 F. App'x 373, 374 (5th Cir. 2004).

The August 14, 2009 Order required Defendant HCA's counsel to submit proof of the costs and attorney's fees it incurred in filing and prosecuting its Motion to Dismiss or Other Sanctions as of August 14, 2009.   Defendant timely made proof of costs and attorney's fees totaling $3,798.60, which the Court finds were reasonable and necessary.   The Court further finds that Plaintiff's counsel Melvin Houston and his law firm should be held liable to Defendant for such sum as a further sanction.[26]

---

[26] Counsel Melvin Houston's misconduct in prosecuting this case has been serious and repetitive.   It appears he has committed multiple infractions of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 (Competent and Diligent Representation), Rule 3.01 (Meritorious Claims and Contentions), Rule 3.02 (Minimizing the Burdens and Delays of Litigation), Rule 3.03 (Candor Toward the Tribunal), Rule 4.01 (Truthfulness in Statements to Others), and Rule 5.01 (Responsibilities of a Partner or Supervisory Lawyer).   Accordingly, the undersigned Judge will forward a copy of this Memorandum and Order and of the Memorandum and Order entered November 28, 2007, to the Chief United States District Judge for the Southern District of Texas, to determine if disciplinary action should be commenced against Mr. Houston.   *See* S.D. Tex. App'x A, Rule 5.

III.  <u>Order</u>

It is therefore ORDERED that Plaintiff Sarah Worrell's Motion to Remove Stay and Reinstate Case on Court's Docket (Document No. 110) is DENIED, Defendant's request for dismissal is GRANTED, and Plaintiff's case is DISMISSED WITH PREJUDICE.  It is further

ORDERED that, pursuant to the Order dated August 14, 2009, Defendant Houston Can! Academy shall have and recover of and from Melvin Houston, individually, and his firm Melvin Houston & Associates, jointly and severally, the sum of THREE THOUSAND SEVEN HUNDRED NINETY-EIGHT AND 60/100 DOLLARS ($3,798.60), in reasonable costs and fees necessarily incurred by Defendant Houston Can! Academy in filing and prosecuting its Motion to Dismiss or Other Sanctions, which sum Melvin Houston and Melvin Houston & Associates is ORDERED to pay to Defendant Houston Can! Academy within thirty (30) days after the date of this Order.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 15TH day of January, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

13